McDANIEL *et al. v.* HASLETT *et al.*

No. 11363. DECEMBER 2, 1936.

*Jones, Fuller & Clapp* and *Ellis L. Cone,* for plaintiffs.

*George & John L. Westmoreland* and *Alexander Bush,* for defendants.

BECK, Presiding Justice. This action sought an equitable partitioning of certain realty and personalty treated as realty by equitable conversion, a receiver for the same, and an accounting from the defendant, Haslett McCullough. A temporary receiver was appointed ex parte. By consent of all parties the case was tried on its merits by the judge, who by consent determined as to the law and the facts. He rendered a decree on January 24, 1936. Without making a motion for new trial, Mrs. Ola McDaniel, the plaintiff, brought the matter before this court on a direct bill of exceptions, complaining only of that portion of the decree which determines the parties' respective interests in the personalty involved herein. The judge found that Mrs. Ola McDaniel owned one undivided third interest, R. V. Haslett one undivided third interest, and Mrs. Clara McCullough Mayfair one undivided third interest. Mrs. Ola McDaniel and J. H. Porter contended that Mrs. Ola McDaniel owns four ninths undivided interest, Mrs. Clara McCullough Mayfair four ninths undivided interest, and R. V. Haslett one ninth undivided interest. The admissions in the pleadings and the evidence disclose the follow-

ing facts: Mrs. Ola McDaniel, Mrs. Clara McCullough Mayfair, R. V. Haslett, and J. H. Porter own certain real property as tenants in common. Mrs. Ola McDaniel, Mrs. Clara McCullough Mayfair, and R. V. Haslett also jointly own certain personalty. The realty consists of two separate tracts or parcels of land, located in the City of Atlanta, Georgia. One tract is located on Peters Street, and is designated herein as parcel one. The other tract is located on Bradberry Street or Bradberry Alley, and is herein referred to as parcel 2B. Parcel 2B is a portion of a larger tract known as the Haslett home place that at one time was owned by the parties herein as remaindermen, and which theretofore was owned by S. D. Haslett, the father of Mrs. McDaniel, Mrs. Mayfair, and R. V. Haslett; which larger or whole tract is herein referred to as parcel 2AB. The personalty is owned jointly by Mrs. Ola McDaniel, Mrs. Clara McCullough Mayfair, and R. V. Haslett, and constitutes, or results from, the proceeds of a sale of that portion of the larger parcel 2AB herein referred to as parcel 2A.

In the year 1882 Samuel D. Haslett conveyed a lot of land on Peters Street (parcel one), and a lot of land fronting 79-1/2 feet on Walker Street and running 268 feet to Bradberry Street (2AB), to his wife, Georgia Ann Haslett, for life, remainder in common or equal shares to their children, born or to be born and surviving their mother. The grantor, by virtue of this deed, appointed the life-tenant trustee of the children during their minority, authorized her to alienate the fee if necessary, and directed her, in such an event, to reinvest the proceeds of such sale in equally valuable real estate, to be held on the same tenures and uses as that so sold. Samuel D. Haslett and his wife, Georgia Ann Haslett, had four children, Claude, Clara, Ola, and Robert V. Haslett. Clara is now Mrs. Clara McCullough Mayfair. Ola is now Mrs. Ola McDaniel. On June 19, 1903, E. E. Pomeroy as trustee of the estate of R. V. Haslett, bankrupt, conveyed to J. H. Porter in fee all the right, title, and interest of R. V. Haslett, the bankrupt, in and to the Peters Street tract (parcel one) and the tract 79-1/2 by 268 feet on Walker Street to Bradberry Street or Alley (2AB), which R. V. Haslett had under and by virtue of the trust deed from his father, Samuel D. Haslett, to his mother, Georgia Ann Haslett, and his sisters and brothers. In describing

the property, the conveyance of one fourth undivided remainder interest is specified. In August, 1904, Claude Haslett died without issue. On June 20, 1927, J. H. Porter conveyed to Massell Realty Improvement Company in fee the one fourth undivided remainder interest, originally belonging to R. V. Haslett, in the tract referred to as 2AB. On the same day Massell Realty Improvement Company conveyed the same interest in the same tract to Phœnix Investment Company. On the same day (June 20, 1927) Phœnix Investment Company conveyed the same interest in the same tract (2AB) to Massell Investment Company. On December 17, 1928, Mrs. Georgia Ann Haslett, R. V. Haslett, Mrs. Clara McCullough Mayfair, Mrs. Ola McDaniel, and others conveyed 138.5 feet of the Walker to Bradberry tract (2AB) to Massell Realty Company in fee, for a consideration of $18,000. This tract thus sold is hereinabove referred to as parcel 2A. This conveyance was authorized by a decree of Fulton superior court, dated September 6, 1928, which was passed in an action brought for the purpose of obtaining such authority. The parties to that action included all parties to the case at bar, except J. H. Porter. The decree appointed Georgia Ann Haslett trustee to receive the proceeds of the sale, and directed her to reinvest the proceeds in accordance with the conditions and uses expressed in the deed of 1882 from her husband to herself and children, supra. The consideration of $18,000 was duly received by Mrs. Georgia Ann Haslett, but, instead of being reinvested in accordance with the terms of the original trust deed and the decree of the court, the $18,000 was converted by Mrs. Haslett to her own use, and the personalty involved in this action results from this conversion. On December 17, 1928, Massell Realty Improvement Company executed and delivered to R. V. Haslett a quitclaim deed purporting to convey to Haslett one undivided fourth remainder interest in a portion of the Walker to Bradberry tract, fronting 78-1/2 feet on Bradberry Street and running approximately 96 feet back from Bradberry to the proposed right of way of the Southern Railway. The tract which the grantor thus attempted to convey is the tract described and referred to herein as parcel 2B. In addition to this land, the Massell Realty Improvement Company attempted to convey to the grantee, R. V. Haslett, "any property in which the proceeds of the sale of Georgia Ann Haslett and her

children and grandchildren to Massell Realty Company shall be invested in pursuance of the decree of the court above recited." However, by reason of the fact that all interest in the res had passed out of the grantor eighteen months earlier, this deed was wholly inoperative. Massell Realty Company and Massell Realty Improvement Company were corporations.

In January, 1929, Massell Realty Company conveyed parcel 2A to Massell Investment Company. On September 24, 1930, Massell Investment Company conveyed parcel 2A to Massell Realty Improvement Company, which conveyed it to Crumley Investment Company on the same day. Approximately five years later, on December 31, 1935, during the pendency of this action, Massell Investment Company executed and delivered to R. V. Haslett a deed identically like the deed from Massell Realty Improvement Company to R. V. Haslett, supra, thereby conveying to Haslett one undivided fourth interest in the tract. Mrs. Georgia Ann Haslett died on February 5, 1935. There is no controverted issue of fact in this case. But, according to the contention of the plaintiffs in error, the division of the personalty should be as follows: Mrs. Ola McDaniel owns four ninths, Mrs. Clara Mc-Cullough four ninths, and R. V. Haslett one ninth; while the defendants in error contend, as was found by the court, that Mrs. McDaniel's interest is one third, Mrs. McCullough's one third, and R. V. Haslett's one third. There is no contest as to the respective interests in the realty now owned by the parties. Immediately before June 19, 1903, Claude, Clara, Ola, and Robert, children of Samuel D. and Georgia Ann Haslett, each owned one fourth undivided remainder interest in the Peters Street tract, herein referred to as parcel one, and the Walker to Bradberry tract, referred to as parcel 2AB. When Robert or R. V. Haslett went into bankruptcy, he started a train of circumstances that on June 19, 1903, carried his one fourth undivided remainder interest in the Peters Street tract into J. H. Porter, and twenty-four years later carried his same interest in the Walker to Bradberry tract (2AB) through Porter and into Massell Investment Company. Claude Haslett had one fourth undivided remainder interest in the two original tracts. When Claude died without issue in 1904, the year following his brother's bankruptcy, Claude's right or interest terminated, and the rights or interests of his

sisters and brother were correspondingly enlarged. Samuel D. Haslett was dead at that time, and his wife, Georgia Ann, mother of Claude, did not, upon Claude's death, participate in the latter's future interest, because by the terms of the Samuel D. Haslett grant the remainder was to go to those children "born and to be born surviving their said mother."

J. H. Porter, who at that time (1904) owned Robert's original interest, did not by Claude's death acquire any part of the interest which Claude had or might have had. This is true because, first, Porter could have only that which was conveyed to him by the deed of Pomeroy, trustee for Robert. This deed specified one undivided fourth remainder interest. Second, Pomeroy, as trustee in bankruptcy for Robert, could neither acquire nor pass title to a mere possibility or prospect of property, which is all that Robert had in Claude's property during Claude's lifetime, Claude being in life at the time Robert went into bankruptcy and when Pomeroy conveyed to Porter. Therefore, upon Claude's death in 1904, his right and interest terminated, and the rights or interests of his sisters and brother were enlarged. Clara, Ola, and Robert share equally Claude's interest. Claude had one undivided fourth; therefore Clara, Ola, and Robert, as the three remaining children, each received one third of one fourth, or one twelfth; which added to their one fourth each made the interest of each one third. Clara now has one third, and Ola now has one third. But Robert, through his trustee in bankruptcy, had at this time alienated his original fourth interest, and from the time of that alienation until Claude's death had no interest whatever. But upon Claude's death, Robert became invested with one third of Claude's one fourth; so that now Robert has one twelfth interest. The holdings of J. H. Porter remain unchanged, as we have just pointed out. It follows that the status of the title to the Peters Street tract and the Walker to Bradberry tract in the year 1904 can be stated as follows: Mrs. Georgia Ann Haslett had a life-estate. Clara had one undivided third remainder interest. Ola had one undivided third remainder interest. Robert had one undivided twelfth remainder interest. J. H. Porter had one undivided fourth remainder interest. These several interests complete the four fourths or total fee in all the property. On June 20, 1927, Porter passed Robert's original quarter interest in the Walker to

Bradberry tract (parcel 2AB) on through several hands to Massell Investment Company, which held the same on December 17, 1928. This date and the ownership of the interest at that time is important, as will hereinafter appear. It will be remembered that Porter retained and did not alienate Robert's original one fourth interest in the Peters Street tract, and continues to hold that interest at the time of this action. This brings us to the vital point in the case.

On December 17, 1928, Georgia Ann Haslett, Clara, now Mrs. Mayfair, Ola, now Mrs. McDaniel, and Robert or R. V. Haslett, and Mrs. Haslett's grandchildren conveyed a portion of the Walker to Bradberry tract to Massell Realty Company for $18,000. The question is, what interest in tract or parcel 2A passed to Massell Realty Company by virtue of this conveyance? To answer this question settles the main question in controversy. We have already indicated all those persons who held an interest in tract 2A of any character or description on December 17, 1928. Among those persons we do not find the grandchildren of Georgia Ann Haslett. They were unnecessary parties to the deed, and neither held nor passed any interest to the grantee, Massell Realty Company. The elimination of the grandchildren leaves four real grantors. Georgia Ann passed a life interest, and Clara and Ola and Robert passed remainder interests. We shall consider these latter interests one by one. As we have shown, Clara had one original fourth interest increased by Claude's death to one third interest. Without the necessity of stating it in so many words, the legal effect of her joining in the deed sufficed to pass this interest. Ola had a similar interest, acquired in the same way, which was likewise passed by her. What had Robert or R. V. Haslett, and what did he convey to Massell Realty Company? Robert's original interest in this tract 2A passed, as tract 2AB, to Massell Investment Company, which held it on December 17, 1928. What then did Robert convey to Massell Realty Company, a corporation separate and distinct from Massell Investment Company? Robert conveyed the one-twelfth interest acquired upon Claude's death. That is all he had, and all he could or did pass on to Massell Realty Company. Therefore, eliminating the life-estate, a three-fourths remainder interest passed to Massell Realty Company by virtue of the conveyance in question, as follows: Clara one fourth

plus one twelfth, or one-third; Ola one fourth plus one twelfth, or one third; Robert one twelfth; totaling three fourths, the remainder interests of Clara, Ola, and Robert which passed to Massell Realty Company on December 17, 1928.

Now the defendant in error, R. V. Haslett, while admitting the facts upon which the foregoing equation is predicated, contends that two quitclaim deeds alter the result and that a four-fourths remainder interest passed to Massell Realty Company instead of only a three-fourths interest. The first of these, executed December 17, 1928, was by Massell Realty Improvement Company; the other, dated December 31, 1935, was executed by Massell Investment Company. They are substantially as follows: By the first, tract 2AB is conveyed. Then tract 2A is expressly excepted, excluded from the conveyance and reserved to the grantor. The effect of the reservation, therefore, is to pass the grantor's title to tract 2B. Both conveyances contain this provision: "This deed includes in addition to the above described property any property in which the proceeds of the sale of Georgia Ann Haslett and her children and grandchildren to Massell Realty Company shall be invested in pursuance of the decree of the court above recited." And in view of this clause R. V. Haslett makes the contention that he reacquired his original interest and is entitled to participate equally with his two sisters, Clara and Ola, in the $18,000 paid by Massell Realty Company for tract 2A. Considering further these two quitclaim deeds, it must be observed that Massell Realty Improvement Company had alienated all its interest prior to the execution of the deed of December 17, 1928, to R. V. Haslett. Having nothing, the grantor passed nothing to Robert V. Haslett. The second of the two quitclaim deeds is from Massell Investment Company to Robert, or R. V., and is dated December 31, 1935. Now what did this grantor have at this time? This grantor had one undivided fourth interest in possession (the life-tenant having died) in tract 2B, having acquired this interest through the line running back to Porter and to Haslett's bankruptcy. This grantor, Massell Investment Company, did not have any interest on December 31, 1935, in tract 2A; Robert's original one-fourth interest, together with the balance of the interests held by Massell Realty Company, having passed through it (Massell Investment Company) and on to Mas-

sell Realty Improvement Company and Crumley Investment Company in the years 1929 and 1930. And the only way that Massell Realty Improvement Company or Massell Investment Company could have given Robert or R. V. the right to share equally with his sisters in the $18,000 received by Mrs. Georgia Ann Haslett, as trustee, from Massell Realty Company, was to have given Robert his original fourth interest in tract 2A, and to have made this conveyance prior to the $18,000 deal. Had this been done, a four-fourths interest would have passed to Massell Realty Company, and Robert, being the conveyor of as large an interest as that interest which either of his sisters conveyed, would have been entitled to share equally in the proceeds of the sale. This, however, was not done. Only a three-fourths interest passed to Massell Realty Company, which interest was owned one third by Clara, one third by Ola, and one twelfth by Robert. Massell Realty Company paid $18,000 for a three fourths undivided interest. The money belonged to those who gave value for it, as their interests appeared. Had Claude been alive, Robert would have been an unnecessary party to the conveyance, and Claude, Clara, and Ola would have been entitled to $6000 each in exchange for the one-fourth interest owned by each. But Claude was dead, so Clara and Ola were each entitled to $6000 plus a third of Claude's $6000, which would be an additional $2000 each. Thus Clara was entitled to $8000, Ola to $8000, and Robert to $2000.

In reaching the final conclusion it will be remembered that Mrs. Georgia Ann Haslett spent a portion of the $18,000 before she died, instead of reinvesting it, and Clara, Ola, and Robert can only divide the balance on hand, which constitutes the personalty to be partitioned in these proceedings. Therefore their interests must be reduced to corresponding fractions; and so, by proper calculation, Ola McDaniel is entitled to four ninths, Clara Mayfair to four ninths; and Robert's interest having been reduced as shown, he is entitled to one ninth. And if on the next hearing the evidence is the same, the court below will decree accordingly. In the foregoing we have stated the facts as they are stated in the brief of counsel for the plaintiff in error, because counsel for defendants in error admit that the statement of facts set out in that brief explains the rather complicated and involved situation that has arisen in this case. Accepting the facts so stated, upon exam-

ination of the reasoning and the deductions therefrom, we are of the opinion that counsel's conclusions are correct, and therefore we reverse the judgment of the court below for the reasons set forth. *Judgment reversed. All the Justices concur.*

RUSSELL, Chief Justice. I concur in the judgment of reversal but not in all said in the opinion.